# IN THE COURT OF APPEALS OF IOWA

No. 21-1359
Filed February 16, 2022

**IN THE INTEREST OF W.N., H.K., and C.N.,**
**Minor Children,**

**S.N., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

The father appeals the modification of the dispositional order and permanency goal in child-in-need-of-assistance proceedings. **AFFIRMED.**

Dana A. Judas of Nazette, Marner, Nathanson & Shea, L.L.P., Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General and Mary A. Triick, Assistant Attorney General, for appellee State.

Kimberly Ann Opatz of the Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A father appeals the modification of the dispositional order and modification of the permanency goal in child-in-need-of-assistance (CINA) proceedings. As the father was unable to maintain sobriety, the district court properly modified the dispositional order and properly modified the permanency goal. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

S.N. is the father of W.N., born in 2006; H.K., born in 2013; and C.N., born in 2015. Each child has a separate mother.[1] The father has a history of alcoholism, substance abuse, and mental-health problems.

The father was caring for the three children in September 2019 when an allegation arose that he physically assaulted C.N.'s mother. There were also concerns that the father had been caring for the children while intoxicated. On September 7, a social worker went to the home. The father was intoxicated and threatened to commit suicide. The children were removed from his care and placed with relatives.

The children were adjudicated CINA under Iowa Code section 232.2(6)(c)(2) and (n) (2019). On September 26, the father was charged with possession of drug paraphernalia. He also continued to drink alcohol to the point of intoxication. Disposition was completed in October. The permanency goal was to return the children to their home. On November 23, the father assaulted

---

[1] The mothers have not appealed.

the mother of H.K. while he was intoxicated. He was charged with domestic abuse assault.

The father completed a substance-abuse treatment program in February 2020. In March, he progressed to semi-supervised visits. In July, he began extended overnight visits with the children.[2] In August, however, the father relapsed, and the visits with his children reverted to semi-supervised. In a review order filed on October 13, C.N. was returned to the custody of his mother and the permanency goal for C.N. was changed to "remain in the mother's home." The court ruled that the Iowa Department of Human Services (DHS) had discretion to give the father extended overnight visitation with the children.

On January 4, 2021, the State requested the children be placed in a trial home placement with the father.[3] This included having C.N. and C.N.'s mother live with the father. On February 2, the court ordered that custody of W.N. and H.K. be returned to the father under the protective supervision of DHS. Custody of C.N. was placed with the child's mother and the father. The permanency goal for W.N. and H.K. was to "remain in father's home."

In March, the father relapsed and continued to struggle with maintaining sobriety. At times, he went on day-long drinking binges. C.N.'s mother attended an inpatient substance-abuse treatment program, taking H.K. and C.N. with her. W.N. went to stay with relatives. The father attended services to work on sobriety.

---

[2] In July 2020, H.K. and C.N. were placed in a trial home placement with C.N.'s mother.

[3] DHS mistakenly believed there was authorization for a trial home placement prior to the court's order, and the trial home placement actually began in December 2020.

On June 15, the court entered a permanency review order continuing prior orders. The family moved back in together.

On August 23, C.N.'s mother reported she was in the hospital with her baby and she was concerned the father was caring for the other children while intoxicated. A social worker went to the home. The father drove up with the three children in the car. Law enforcement told DHS that the father did not exhibit enough signs to initiate field sobriety tests. However, the social worker believed the father appeared to be intoxicated "by the way he walked and talked and paced around the home and outside." He admitted drinking the night before. He refused to take a breath test. He consumed alcohol when the social worker was at the home that day. The children were removed from his custody. W.N. was placed with a paternal uncle, H.K. was placed with a maternal aunt, and C.N. was placed with his mother.

On September 16, the district court entered an order finding the father "has still not been able to maintain his sobriety. The children cannot remain in his care as he is not a safe and sober caregiver." The court determined termination of the parents' rights was not appropriate based on "the children's age and their bond with their parents." W.N. and H.K. were placed in the guardianship and custody of relatives for purposes of long-term care. C.N. was placed with his mother under the protective supervision of DHS. The permanency goal for W.N. and H.K. was changed to maintain the child in relative placement under a guardianship, and the goal for C.N. was changed to remain in the custody of his mother. The father appeals the district court's order.

## II.     Standard of Review

The juvenile court's decisions in CINA proceedings are reviewed de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017).  We are not bound by the factual findings of the juvenile court, but we give weight to those findings.  *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).  The court's "determinations must be based upon clear and convincing evidence."  *Id.* at 41.  Our primary consideration is the best interests of the children.  *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997).

## III.    Modification of the Dispositional Order

The father contends the district court improperly modified the dispositional order by removing the children from his custody.  He states there was insufficient evidence to show he was under the influence of alcohol on August 23, 2021.  He argues that the social worker who believed the father was under the influence called police officers to the scene but the evidence did not show officers noticed any obvious signs he was intoxicated.  The father asserts that he was addressing his mental-health problems and there were no recent instances of domestic violence.

A dispositional order may be modified when "[t]he purposes of the order cannot reasonably be accomplished."[4]  Iowa Code § 232.103(4)(b). "Iowa Code section 232.102(4) provides the court should not transfer custody of a child from

---

[4] The father does not claim a substantial change in circumstances is required, or that the State failed to show there had been a substantial change in circumstances. "Some of our recent case law notes that although past cases from the supreme court required a party seeking modification of a dispositional order to establish a material and substantial change in circumstances, section 232.103 was subsequently amended and no longer requires such a showing." *In re E.R.*, No. 21-1345, 2021 WL 5919041, at *3 (Iowa Ct. App. Dec. 15, 2021).

the child's parent unless '[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available.'" *In re L.B.*, No. 20-1662, 2021 WL 1400089, at *2 (Iowa Ct. App. Apr. 14, 2021) (alteration in original) (quoting Iowa Code § 232.102(4)(a)(2)). "[T]he court must make a determination that continuation of the child in the child's home would be contrary to the welfare of the child, and shall identify the reasonable efforts that have been made." Iowa Code § 232.102(4)(b).

Mary Dobrochowski, the DHS case manager for the family, testified the father was not able to maintain sobriety. On August 23, the father told police officers he quit drinking at 4:00 a.m. that day. Dobrochowski testified she believed he was still under the influence of alcohol when she saw him drive up with the children. She testified:

> Q. And what specifically did you observe that made you believe that he was still under the influence? A. Just his demeanor and the way he was talking to me, the way he was pacing in and out of the house, coming outside, sitting down in the chair, standing up, going to his truck, getting cigarettes, just that constant back and forthness.
> Q. And is that his usual demeanor? A. It's been the demeanor I've noticed when he's been under the influence.

Dobrochowski stated the children would be at risk of harm if placed with the father.

At the September 9, 2021 hearing, the father testified he had been hospitalized for alcohol detoxification on September 6, just a few days before the hearing. He also stated the children were in the home when he was drinking on the evening of August 22 into the morning of August 23 and there were no other caretakers in the home. The father refused to take a breath test when confronted with the allegation that he had been driving while under the influence.

The court found the DHS case manager's testimony more credible than the father's testimony concerning whether the father was driving under the influence of alcohol with the children on August 23. The court stated, "While [the father] claims to only drink after the children are in bed, the [c]ourt does not find that testimony to be credible." The court concluded, "The children cannot remain in his care as he is not a safe and sober caregiver." We give the juvenile court's credibility findings "respectful consideration." *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).

We conclude the court properly determined that continuation of the children's placement with the father would be contrary to their best interests, given the father's continued use of alcohol. Evidence in this record demonstrates the father cannot safely care for the children. We affirm the removal of the children from the father's custody and modification of the dispositional orders.

## IV. Permanency Goal

The father claims the district court should not have changed the permanency goals. In the CINA adjudication order, the permanency goal was to return the children to their home. In a review order filed on October 13, 2020, C.N. was returned to the custody of his mother and the permanency goal for C.N. was changed to "remain in the mother's home." On February 2, 2021, the permanency goal for W.N. and H.K. was changed to "remain in father's home." On September 16, the court changed the permanency goal for W.N. and H.K. to "maintain the child in relative placement under a guardianship," and for C.N. to "remain in the home" with the mother.

After a permanency hearing, "the court shall enter written findings and make a determination identifying a primary permanency goal for the child." Iowa Code § 232.104(1)(c). "[I]n the modification of a permanency order, we look solely at the best interests of the child." *In re W.L.*, No. 19-1303, 2019 WL 6358449, at *3 (Iowa Ct. App. Nov. 27, 2019). The court's decision must be supported by clear and convincing evidence. *See In re K.G.*, No. 19-0650, 2019 WL 3317349, at *2 (Iowa Ct. App. July 24, 2019).

The father's arguments on this issue are the same as those raised in his claims regarding removal of the children. The continuation of the children in the father's home was contrary to their welfare due to his continued problems with maintaining sobriety. The father was unable to continue to care for the children in a safe and sober manner. The children need stability, which the father was unable to provide. W.N. had been removed from the father's custody four times, and H.K. and C.N. had been removed two times. We conclude it was in the children's best interests to modify the permanency goal for W.N. and H.K. to be placed in guardianships with relatives and for C.N. to be in the custody of the child's mother.

We affirm the decision of the district court.

**AFFIRMED.**